UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

CESAR MOREIRA, MARTIN CISNEROS, FREDIS GOMEZ
LUIS M. RAMIREZ AND ROBERTO CONTRERAS

On behalf of themselves and others similarly situated

                                   Plaintiffs,

          -against-

SHERWOOD LANDSCAPING INC.,
MAIN STREET NURSERY,
ROBERT McKEAN

In his individual capacity

                          Defendants.

-----------------------------------------------------------------------------X

Docket No.: 13 CIV 2640

(JS)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and (b)(6)

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
Attorneys for Defendants
SHERWOOD LANDSCAPING INC. d/b/a MAIN
STREET NURSERY and ROBERT McKEAN, in
his individual capacity
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
(516) 712-4013 (Facsimile)
Our File No.: 420-9668

Of Counsel:
Elizabeth R. Gorman (EG6316)
egorman@milbermakris.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS AND BRIEF PROCEDURAL HISTORY .................................... 2

STANDARD OF REVIEW ......................................................................................... 8

AR............ ............ ...................................................................................... 9

.     .     .................................................................................................. 9

PLAINTIFF BEARS     BURDEN OF PROOF AS TO SUBJECT
JURISDICTION

POINT II .............................................................................................................. 10

DEFENDANTS' OFFER OF FULL RELIEF TO PLAINTIFFS DIVESTS
THIS COURT OF SUBJECT MATTER JURISDICTION OVER
PLAINTIFFS' FEDERAL CLAIMS

POINT III ............................................................................................................. 16

DEFENDANTS' OFFER OF FULL RELIEF TO PLAINTIFFS DIVESTS
THIS COURT OF SUBJECT MATTER JURISDICTION OVER
PLAINTIFFS' STATE CLAIMS

CONCLUSION ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

**Cases**

Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) ......................................................... 10, 15

Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) ...................................................... 10

Bd. Of Sch. Comm'rs of Indianapolis v. Jacobs, 420 U.S. 128, 129-30 (1975)........................... 14

Briggs v. Arthur T. Mott Real Estate LLC, 2006 WL 3314624 (E.D.N.Y. 2006) ................. 11, 12

Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck,

    433 F.3d 181, 197-98 (2d Cir. 2005) ......................................................................................... 10

Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994)..................................................................... 14

Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000) ................................................ 16

Darboe Goodwill Industries of Greater NY & Northern NJ, Inc., 485 F.Supp.2d 221

    (E.D.N.Y. 2007).......................................................................................................................... 11

Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998)...................................... 8

Fox v. Board of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994) ...... 10

Genesis HealthCare Corp. v. Symczyk, 133 S. Ct. 1523 (2013) ............................................ 11, 12

Grief v. Wilson, 258 F.Supp.2d 157 (E.D.N.Y. 2003) ................................................................... 10

Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003)........................................................ 8

Levitin v. PaineWebber, Inc., 933 F. Supp. 325, 327 (S.D.N.Y. 1996) ........................................ 16

Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) .................. 9

Makarova v. United States, 201 F.3d 110,113 (2d Cir. 2000)......................................................... 9

Morgan v. Account Collection Technology, 2006 WL 2597865 (S.D.N.Y. 2006)...................... 14

Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996) ..................... 16

Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003) ..................................... 9

Pla v. Renaissance Equity Holdings, LLC, 2013 WL 3185560 (S.D.N.Y. 2013)........................ 11

Thompson v. County of Franklin, 15 F.3d 245, 249 (2d Cir. 1994).............................................. 9

Ward v. The Bank of New York, 455 F.Supp.2d 262 (S.D.N.Y. 2006)........................................ 11

Weiss v. Fein, Such, Kahn & Shepard, 2002 WL 449653 (S.D.N.Y. 2002)................................ 14


**Statutes**

Fair Labor Standards Act .................................................................................. 11, 12, 13, 15, 16

Fair Labor Standards Act, 29 U.S.C. §201 ..................................................................................... 3

Fed. R. Civ. P. 12(b) ....................................................................................................................... 9

Fed. R. Civ. P. 12(b)(1)................................................................................... 1, 2, 8, 9, 12, 15, 16, 17

Fed. R. Civ. P. 12(b)(6)................................................................................................ 1, 2, 8, 12, 17

Fed. R. Civ. P. 68 ................................................ 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

Fed. R. Civ. P. 68(a) ....................................................................................................................... 2

Fed. R. Civ. P. 68(b) ..................................................................................................................... 10

Federal Standards and Labor Law .............................................................................................. 6, 13

New York Labor Law ............................................................................................... 1, 11, 13, 16

New York Labor Law, Article 19 §650 .......................................................................................... 3

U.S. Const. Art. III Sec. 2................................................................................................................ 9

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of Defendants, SHERWOOD LANDSCAPING INC. d/b/a MAIN STREET NURSERY and ROBERT McKEAN's (hereinafter, collectively referred to as "Defendants'") motion to compel Plaintiffs Cesar Moreira, Martin Cisneros, Fredis Gomez, Luis M. Ramirez, and Roberto Quinteros, identified as Roberto Contreras in the Complaint (and Amended Complaint), (hereinafter, collectively referred to as "Plaintiffs") to accept Defendants' Fed. R. Civ. P. 68 ("Rule 68") offer of judgment to each plaintiff; to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) on the grounds that this Court lacks subject matter jurisdiction as there is no case in controversy; and for such other relief as this Court deems just and proper under the circumstances.

On July 24, 2013, Defendants served Rule 68 offers of judgment upon Plaintiffs' counsel to each plaintiff, as follows: **(i)** $8,000 to Plaintiff Cesar Moreira; **(ii)** $32,000 to Plaintiff Martin Cisneros; **(iii)** $35,000 to Plaintiff Fredis Gomez; **(iv)** $37,000 to Plaintiff Luis M. Ramirez; and **(v)** $17,000 to Plaintiff Roberto Quinteros, identified as Roberto Contreras in the Complaint (and Amended Complaint). Defendants' Rule 68 offers of judgment to Plaintiffs were computed by calculating the overtime compensation owed to each plaintiff within the six (6) year statute of limitations pursuant to New York Labor Law ("NYLL"). Further, Defendants' Rule 68 offers of judgment to each plaintiff included liquidated damages of up to three (3) years. Defendants' Rule 68 offers of judgment to each plaintiff clearly indicated the Defendants' willingness to pay costs and reasonable attorneys' fees to be determined by the Court, if applicable.

Defendants' Rule 68 offers of judgment to Plaintiffs exceed the maximum amount that Plaintiffs would be entitled to recover in this action. Specifically, Defendants' Rule 68 offers of

judgment to Plaintiffs were calculated by relying upon the allegations stated by Plaintiffs in the Amended Complaint, the Plaintiffs' time records and the spreadsheets prepared by the co-owner and Vice President of Sherwood Landscaping Inc. d/b/a Main Street Nursery, Robert McKean.

Defendants' Rule 68 offers of judgment to Plaintiffs would have paid each plaintiff significantly more than their actual damages, in light of the inclusion of liquidated damages, costs and attorneys' fees in each offer. Each offer was more than Plaintiffs would recover if they each prevailed on each and every aspect of their claims.

Pursuant to Rule 68(a), Defendants' offers of judgment remained open for fourteen (14) days. On August 7, 2013 Plaintiffs' counsel rejected Defendants' Rule 68 offers of judgment by e-mail, but did not provide any reason for its rejection of Defendants' Rule 68 offers of judgment to Plaintiffs. Plaintiffs' rejection of Defendants' Rule 68 offers of judgment eliminates Plaintiffs' personal stake in the outcome of the above-captioned action, thus mooting each of the Plaintiffs' claims and divesting the Court of subject matter jurisdiction. Therefore, the above-captioned action should be dismissed in its entirety.

Accordingly, Defendants seek an Order: (1) pursuant to Rule 68, compelling Plaintiffs to accept Defendants' Rule 68 offers of judgment dated July 24, 2013; (2) pursuant to Rule 12(b)(1) and (b)(6), dismissing the Amended Complaint as moot since the Court lacks subject matter jurisdiction where there is no case or controversy; and (3) for such other relief as this Court deems just and proper under the circumstances.

## **STATEMENT OF FACTS AND BRIEF PROCEDURAL HISTORY**

Plaintiffs Cesar Moreira, Martin Cisneros, Fredis Gomez, Luis M. Ramirez; and Roberto Quinteros, identified as Roberto Contreras in the Complaint (and Amended Complaint), (hereinafter collectively referred to as "Plaintiffs") were employed by Defendants at various

2

times. *See* Affidavit of Robert McKean, dated August 27, 2013, ¶4 ("McKean Aff."). Defendants' co-owner and Vice President is Robert McKean.  McKean Aff., ¶1.  Sherwood Landscaping Inc. d/b/a Main Street Nursery provides exterior landscaping services to commercial and residential properties.  McKean Aff., ¶3.

Plaintiffs commenced the above-captioned action on behalf of themselves and others similarly situated. *See* copy of the Summons dated May 1, 2013 and Complaint dated April 27, 2013 (the "Complaint") collectively annexed to the Affirmation of Elizabeth Gorman dated August 30, 2013 (the "Gorman Aff.") as **Exhibit "A."**

The Complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and New York Labor Law, Article 19 §650 et seq. ("NYLL") based on Plaintiffs' claims that Defendants owe each of them unpaid overtime wages. *See* **Exhibit "A", ¶3**

Plaintiffs allege they were paid straight time for the hours worked each week, including hours worked in excess of 40 hours per week. *See* **Exhibit "A," ¶37.**  Plaintiffs allege that they earned an hourly wage ranging from $11.00 to $12.50 per hour. *See* **Exhibit "A", ¶35.**  Further, Plaintiffs allege that they worked from 7:00 a.m. 7:00-8:00 p.m., six days per week. *See* **Exhibit "A", ¶32.**

Plaintiffs' counsel agreed to extend Defendants' time to respond to the Complaint to June 11, 2013. *See* copy of the fully executed Stipulation Extending Time to respond to the Complaint annexed to the Gorman Aff. as **Exhibit "B."**  On May 29, 2013, the undersigned counsel for Defendants, Milber Makris Plousadis & Seiden, LLP, appeared in this action on behalf of Defendants by the service of a Notice of Appearance. *See* copy of Defendants' Notice of Appearance dated May 29, 2013 annexed to the Gorman Aff. as **Exhibit "C."**  On June 11,

2013, Defendants joined issue by the service of an answer.  A copy of Defendants' Answer is annexed as **Exhibit "D."**

In Defendants' Answer, Defendants assert as an affirmative defense against Plaintiffs' claims that "[n]either the Complaint as a whole, nor the causes of actions alleged therein, state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants."  *See* **Exhibit "D", ¶88.**  Defendants also assert as an affirmative defense in the Answer that "Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to assert such claims." *See* **Exhibit "D", ¶92.**

Initial disclosures pursuant to Rule 26(a)(1) were served by both parties.  *See* copy of Plaintiffs' Automatic Disclosure Prior to Discovery dated June 17, 2013 and Defendants' Initial Disclosure Pursuant to Rule 26.1 dated July 12, 2013 collectively annexed to the Gorman Aff. as **Exhibits "E"** and **"G."**  In their Initial Disclosure, Plaintiffs do not provide Defendants with a calculation of Plaintiffs' alleged damages, including Plaintiffs alleged unpaid overtime wages. *See* **Exhibits "E."**

The Court held an initial conference on July 15, 2013.  *See* copy of the Civil Conference Minute Order dated July 15, 2013 annexed to the Gorman Aff. as **Exhibit "H."**  At this conference, the Court issued an Initial Case Management and Scheduling Order setting forth discovery deadlines in this case. *See* copy of the Initial Case Management and Scheduling Order annexed to the Gorman Aff. as **Exhibit "I."**

Plaintiff Cesar Moreira was employed by Defendants as laborer from March 15, 2010 to December 2011. *See* McKean Aff., ¶9.  He did not work between December and March of each year. *See* McKean Aff., ¶7.  Mr. Moreira's rate of pay was $14 per hour throughout his entire

employment with Defendants. *See* McKean Aff., ¶9. Mr. Moreira often worked less than forty hours a week. *See* McKean Aff., ¶9.

Plaintiff Martin Cisneros was employed by Defendants as laborer from March 15, 2008 to March 13, 2013. *See* McKean Aff., ¶10. He did not work between December and March of each year. *See* McKean Aff., ¶7. Mr. Cisneros' rate of pay was $11 per hour in 2008 and 2009, $11.50 per hour in 2010 and $12 per hour in 2011 and 2012. *See* McKean Aff., ¶10. Mr. Cisneros often worked less than forty hours a week. *See* McKean Aff., ¶10.

Plaintiff Fredis Gomez was employed by Defendants as laborer from March 15, 2008 to 2012. *See* McKean Aff., ¶11. He did not work between December and March of each year. *See* McKean Aff., ¶7. Mr. Gomez's rate of pay was $12 throughout his entire employment with Defendants. *See* McKean Aff., ¶11. Mr. Gomez often worked less than forty hours a week. *See* McKean Aff., ¶11.

Plaintiff Luis M. Ramirez was employed by Defendants from March 15, 2006 to 2012. *See* McKean Aff., ¶12. He was employed as Landscape Maintenance Foreman. *See* McKean Aff., ¶12. Mr. Ramirez did not work between December and March of each year. *See* McKean Aff., ¶7. Mr. Ramirez's rate of pay was $10.50 per hour from 2006 to 2007, $11.50 per hour in 2008 and $12 per hour from 2009 to 2012. *See* McKean Aff., ¶12. Mr. Ramirez often worked less than forty hours a week. *See* McKean Aff., ¶12.

On July 24, 2013, Defendants served upon plaintiffs' counsel Defendants' Rule 68 offers of judgment pursuant to Rule 68, which are collectively annexed to the Gorman Aff. as **Exhibits "J," "K," "L," "M" and "N."** Defendants' Rule 68 offers of judgment to Plaintiffs are described as follows: **(i)** $8,000 to Plaintiff Cesar Moreira; **(ii)** $32,000 to Plaintiff Martin Cisneros; **(iii)** $35,000 to Plaintiff Fredis Gomez; **(iv)** $37,000 to Plaintiff Luis M. Ramirez; and

**(v)** $17,000 to Plaintiff Roberto Quinteros, identified as Roberto Contreras in the Complaint (and Amended Complaint). *See* **Exhibits "J," "K," "L," "M"** and **"N", ¶**8.

Defendants' Rule 68 offers of judgment included liquidated damages for up to three (3) years pursuant to the Federal Standards and Labor Law ("FLSA"). In addition, Defendants' Rule 68 offers of judgment to each plaintiff were in addition to "costs and reasonable attorneys' fees if applicable as determined by the Court." *See* **Exhibits "J," "K," "L," "M"** and **"N", ¶**9.

Accordingly, Defendants Rule 68 offers of judgment offered Plaintiffs payment of alleged unpaid overtime compensation in addition to costs and reasonable attorneys' fees, if applicable, as determined by the Court. *See* **Exhibits "J"-"N", ¶¶**8-9.

Plaintiffs were given fourteen (14) days from the time of service of Defendants' Rule 68 offers of judgment to accept Defendants' offer. *See* **Exhibits "J," "K," "L," "M"** and **"N", ¶**6. Defendants' Rule 68 offers of judgment to Plaintiffs "remain[ed] open and irrevocable for fourteen (14) days after service on counsel for Plaintiff[s]." *See* **Exhibits "J," "K," "L," "M"** and **"N", ¶**7.

On July 28, 2013, four days after Defendants served their Rule 68 offers of judgment to plaintiffs, Defendants consented to Plaintiffs' amending the Complaint because Plaintiffs had incorrectly named Defendants in the caption of the Complaint. *See* copy of the fully-executed Stipulation to Amend the Complaint dated July 28, 2013 annexed to the Gorman Aff. as **Exhibit "O."** The parties consented to Plaintiffs amending the Complaint to have the caption of the Complaint changed from "Sherwood Nursery Inc." to "Sherwood Landscaping Inc." *See* **Exhibit "O."** The parties also consented to plaintiffs changing, in the body of Complaint, "Main Street, Florist and Landscaping" to "Main Street Nursery." *See* **Exhibit "O."**

6

On August 6, 2013, Plaintiffs filed an amended complaint against Defendants ("withdrawn amended complaint"). *See* copy of the withdrawn amended complaint annexed to the Gorman Aff. as **Exhibit "P."** However, Plaintiffs failed to make the appropriate changes consented to by all parties in the Stipulation to Amend the Complaint. *See* **Exhibit "O."** Specifically, the caption to the withdrawn amended complaint still reads "Sherwood Nursery Inc." rather than "Sherwood Landscaping Inc." *See* **Exhibit "P."** Accordingly, Plaintiffs' counsel agreed to withdraw this complaint on August 20, 2013. *See* copy of Stipulation to Withdraw the Amended Complaint dated August 20, 2013 annexed as **Exhibit "U."**

On August 27, 2013, Plaintiffs filed a second Amended Complaint ("Amended Complaint"). *See* copy of the Amended Complaint dated August 27, 2013 annexed to the Gorman Aff. as **Exhibit "V."** Plaintiffs amended the caption, changing "Sherwood Nursery Inc." to "Sherwood Landscaping Inc." *See* **Exhibit "V," pg. 1.**

Defendants' did not receive a formal response to Defendants' Rule 68 offers of judgment from Plaintiffs but, instead, Delvis Melendez, Esq., counsel for Plaintiffs rejected Defendants' Rule 68 offers of judgment by e-mail, dated August 7, 2013, to Defendants' counsel, Elizabeth Gorman, Esq. *See* copy of Plaintiffs' counsel's email to Defendants' counsel, dated August 7, 2013, annexed to the Gorman Aff. as **Exhibit "S."** Plaintiffs' counsel provided NO reason or rationale for her rejection of Defendants' Rule 68 offers of judgment. *See* **Exhibit "S."** Plaintiffs' counsel's August 7, 2013 e-mail states, "[t]he offers have been communicated to the plaintiffs. They have rejected the offers." *See* **Exhibit "S."**

On August 7, 2013, Plaintiffs' counsel exchanged discovery demands with Defendants by attaching said demands to Plaintiff's counsel's aforementioned August 7, 2013 e-mail. *See* copy

of Plaintiffs' Interrogatories and Production of Documents Demand dated August 6, 2013
collectively annexed to the Gorman Aff. as **Exhibits "Q" and "R."**

On August 13, 2013, Plaintiffs filed a motion, seeking an Order allowing Plaintiffs to
circulate a Notice of Pendency to former and current employees of Defendants ('Plaintiff's
Motion"). *See* copy of Plaintiffs' Motion annexed to the Gorman Aff. as **Exhibit "T."**
Plaintiffs' Motion was filed almost three (3) weeks after Defendants' served Plaintiffs' counsel
with Defendants' Rule 68 offers of judgment to Plaintiffs. *See* **Exhibits "J," "K," "L," "M"**
and **"N"** and **Exhibit "T."** In Plaintiff's Motion, Plaintiffs do not identify a single similarly
situated individual. *See* **Exhibit "T."** Defendants will be opposing Plaintiffs' Motion, which is
currently pending before Magistrate Kathleen Tomlinson.

To date, no additional plaintiffs have joined this action.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(1):

> (b)   HOW TO PRESENT DEFENSES.  Every defense to a
> claim for relief in any pleading must be asserted in the
> responsive pleading if one is required.  But a party may
> assert the following defenses by motion:
>
> (1)   lack of subject matter jurisdiction;
>
> ***
>
> (6)   failure to state a claim upon which relief can be granted.

Where a defendant seeks dismissal for lack of subject matter jurisdiction under Rule 12(b)(1),
the standard of review is the same as a motion to dismiss for failure to state a claim under
12(b)(6). The Court must take all facts alleged in the complaint as true and draw all reasonable
inference in favor of plaintiff. Fed. R. Civ. P. 12(b)(1) and (6); *see also* Lerner v. Fleet Bank,
N.A., 318 F.3d 113, 128 (2d Cir. 2003). However, where evidence relevant to the jurisdictional

question is before the court, the district court may refer to that evidence.  The Court may also consider matters outside the pleadings, such as affidavits, documents and testimony in deciding a motion to dismiss for lack of subject matter jurisdiction.  Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

## ARGUMENT

## POINT I

### PLAINTIFF BEARS THE BURDEN OF PROOF AS TO SUBJECT MATTER JURISDICTION

Under Rule 12(b), it is the plaintiff who bears the burden of proving by a preponderance of evidence that subject matter jurisdiction exists.  Thompson v. County of Franklin, 15 F.3d 245, 249 (2d Cir. 1994); Makarova v. United States, 201 F.3d 110,113 (2d Cir. 2000).  It is axiomatic that, "[i]f subject matter jurisdiction is lacking, the action must be dismissed."  Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003); *quoting* Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).  The absence of subject matter jurisdiction is non-waivable and may be raised at any time by a party or by the court *sua sponte*. *See* Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 193 (2d Cir. 2003).

In the instance matter, Plaintiffs have been offered an amount that exceeds the damages each plaintiff could receive for their respective claims and, as such, this Court lacks subject matter jurisdiction of the claims.  In light of Defendants' Rule 68 offers of judgment to Plaintiffs, Plaintiffs cannot show a basis for subject matter jurisdiction under Rule 12(b)(1) and, thus, the Amended Complaint should be dismissed as the Amended Complaint fails as a matter of law.

## POINT II

### DEFENDANTS' OFFER OF FULL RELIEF TO PLAINTIFFS DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' FEDERAL CLAIMS

The Constitution limits the jurisdiction of this court to "actual cases and controversies." U.S. Const. Art. III Sec. 2.  Where a defendant offers plaintiff all the relief sought, the plaintiff is said to lose his "personal stake" in this litigation and the issues in the action are no longer considered "live."  Fox v. Board of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994).  Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (The Court held that an offer of judgment, pursuant to Rule 68, to terminate class action was permissible).  Under these circumstances, subject matter jurisdiction ceases to exist and the case is properly dismissed.  Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck, 433 F.3d 181, 197-98 (2d Cir. 2005);  Fox v. Board of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994).  In such cases, "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule claims which defendant has more than satisfied.  Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983).  Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).

Rule 68 authorizes a defendant to serve upon a plaintiff an offer to allow judgment to be taken against the defending party for the money specified in the offer, with costs then accrued. See Fed. R. Civ. P. 68(a).  If a Rule 68 offer is accepted by the plaintiff judgment is entered against the defendant.  Id.  If the offer is rejected, the offer is deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.  See Fed. R. Civ. P. 68(b). The court may compel a plaintiff to accept a Rule 68 offer where the offer disposes of the entire controversy before it.  See Grief v. Wilson, 258 F.Supp.2d 157 (E.D.N.Y., April 22, 2003) (The

Court granted defendant's motion to compel plaintiff to accept its $1,000 offer of judgment, which included costs and attorneys' fees and to dismiss the action for lack of subject matter jurisdiction because plaintiff could not obtain a more favorable judgment, thus, plaintiff's case was moot); *see also* Abrams v. Interco, Inc., 719 F.2d 23 (2d Cir. 1938) (The Court of Appeals affirmed the lower court's decision to dismiss the complaint for lack of justiciable controversy and compel plaintiffs to accept defendant's offer of judgment where such offer was more than the amount owed to plaintiffs and included costs and reasonable attorneys' fees, even though attorneys' fees had not yet been determined).

The mootness doctrine has been widely applied in the context of FLSA collective action overtime cases where defendant has offered the named plaintiff full relief sought and no other parties have opted in to the action and it is well settled that courts, including courts in this circuit, have held that a Rule 68 offer of full damages, even if rejected, renders the case moot and subject to dismissal. *See* Genesis HealthCare Corp. v. Symczyk, 133 S. Ct. 1523 (2013); *see also* Pla v. Renaissance Equity Holdings, LLC, 2013 WL 3185560 (S.D.N.Y. June 24, 2013) (Plaintiffs alleged violations of the FLSA against defendants for unpaid overtime wages. The Court held that plaintiffs' claims were rendered moot because defendants' offer of judgment exceeded any damages plaintiffs could receive under the FLSA, thereby, divesting the Court of subject matter jurisdiction); Louisdor v. American Telecommunications, 540 F.Supp.2d 368 (E.D.N.Y., March 24, 2008) (Plaintiffs alleged violations of the FLSA and NYLL for unpaid overtime work. The Court granted defendant's motion to dismiss after it determined that defendant's offer of judgment exceeded the statutory relief available to plaintiff plus attorneys' fees and costs, and thus, rendered the action moot) Darboe Goodwill Industries of Greater NY & Northern NJ, Inc., 485 F.Supp.2d 221 (E.D.N.Y., April 16, 2007) (Plaintiffs, on behalf of himself and others

similarly situated, alleged violations of the FLSA and NYLL against defendants for unpaid overtime wages. The Court granted defendant's motion to dismiss, holding that the case was moot after defendants served plaintiff with an offer of judgment that was more than double plaintiff's actual damages); Briggs v. Arthur T. Mott Real Estate LLC, 2006 WL 3314624 (E.D.N.Y. November 14, 2006); Ward v. The Bank of New York, 455 F.Supp.2d 262 (S.D.N.Y. October 13, 2006).

In Genesis, the Supreme Court affirmed the district court's holding that defendants' Rule 68 offer of judgment in the full amount of plaintiff's individual claim mooted plaintiff's individual claim and the collective action filed by plaintiff under the FLSA. *See* Genesis HealthCare Corp. v. Symczyk, 133 S. Ct. 1523 (2013). Plaintiff filed a complaint on behalf of herself and all other persons similarly situated for violations of the FLSA based upon unpaid wages. *Id.* Defendants' Rule 68 offer of judgment included $7,500 for alleged unpaid wages, in addition to reasonable attorneys' fees, costs and expenses as the Court may determine. *Id.* The Supreme Court explained that plaintiff had no continuing personal interest in representing a putative class, nor did she have any other continuing interest that would preserve her suit from mootness. *Id.* at 1532.

In Briggs, the plaintiff filed an FLSA collective action and asserted claims on behalf of those similarly situated current and former employees who are entitled to back wages for overtime for which they did not receive premium pay in violation of the New York Labor Law. Briggs v. Arthur T. Mott Real Estate LLC, 2006 WL 3314624 (E.D.N.Y. 2006). A month after the complaint was filed, the defendant made an offer of judgment in the amount of $3,000 plus reasonable attorneys' fees and costs. *Id.* The most plaintiff could have recovered for unpaid overtime was $1,027.50. *Id.* The offer of $3,000 exceeded that which he was entitled to under

the FLSA. The plaintiff did not accept the offer. *Id.* The defendant then moved pursuant to Fed. R. Civ. P. 12(b)(1) and (6) arguing that its offer of full relief mooted plaintiff's claims, thereby divesting the court of subject matter jurisdiction. *Id.* The court found that plaintiff's claims were no longer "live" because he lacked a "legally cognizable interest in the outcome." *Id.* at 2. Plaintiff's claims therefore were moot. *Id.* Because no collective action had opted into the action, the court discussed all of plaintiff's claims for lack of subject matter jurisdiction. *Id.*

In the instant matter, Plaintiffs filed claims for unpaid wages under the FLSA and NYLL seeking relief for themselves and other similarly situated employees. *See* **Exhibit "A",** ¶3. In an effort to avoid potentially costly litigation, on July 24, 2013, Defendants served upon Plaintiffs' counsel a Rule 68 offer of judgment to each of plaintiff. *See* **Exhibits "J," "K," "L," "M" and "N."**

Herein, Defendants' Rule 68 offers of judgment were for significantly more than the amount of compensation owed to each plaintiff. Defendants' Rule 68 offers of judgment to each plaintiff included overtime compensation for all hours over forty and included the total amount of unpaid overtime compensation owed to each Plaintiff. *See* **Exhibits "J"-"N", ¶¶**8. The spreadsheets prepared by Robert McKean after reviewing Plaintiffs' time records indicate the following overtime compensation owed to each plaintiff: (i) Mr. Moreira is owed $3,918.25; (ii) Mr. Cisneros is owed $19,629.82; (iii) Mr. Gomez is owed $21,388.50; (iv) Mr. Ramirez is owed $23,087.50; and (v) Mr. Quinteros is owed $8,159.26. *See* spreadsheets prepared by Robert McKean annexed to the McKean Aff. as **Exhibits "1," "3," "5," "7" and "9."**

Defendants' Rule 68 offers of judgment also included liquidated damages for up to three (3) years pursuant to the Federal Standards and Labor Law ("FLSA"). After including liquidated damages for each year worked by Plaintiffs with Defendants up to three (3) years, as well as

rounding-up each figure to the benefit of each plaintiff, Defendants arrived at the amount stated in Defendants' Rule 68 offers of judgment. *See* **Exhibits "J"-"N", ¶¶**8.

Defendants' Rule 68 offers of judgment to Plaintiffs were also in addition to "costs and reasonable attorneys' fees if applicable as determined by the Court." *See* **Exhibits "J," "K," "L," "M" and "N", ¶**8-9. This was done to ensure there is no question that the Plaintiffs would be made whole by Defendants' Rule 68 offers of judgment. Further, the total amount indicated in each of Defendants' Rule 68 offers of judgment to Plaintiffs is a rounded-up figure to the benefit of each plaintiff.

Accordingly, Defendants' Rule 68 offers of judgment were more than Plaintiffs' could recover through litigation, and clearly provided Plaintiffs with more than full recovery of their claims thus mooting their stake in the claim. Consequently, this divests the Court of subject matter jurisdiction mandating the dismissal of this action.

In the Second Circuit, "[i]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot." Comer v. Cisneros, 37 F.3d 775, 798 (2d Cir. 1994), *citing* Bd. Of Sch. Comm'rs of Indianapolis v. Jacobs, 420 U.S. 128, 129-30 (1975). *See* Morgan v. Account Collection Technology, 2006 WL 2597865 (S.D.N.Y. 2006). The district courts in this circuit have dismissed cases for lack of subject matter jurisdiction when a Rule 68 offer for full relief to the named plaintiff is made prior to the filing of a motion for class certification. *See* Weiss v. Fein, Such, Kahn & Shepard, 2002 WL 449653 (S.D.N.Y. 2002). In Weiss, the court held that a pre-class certification Rule 68 offer made 30 days after complaint was filed, for all available relief, moots a putative class action, even where plaintiffs class certification motion was made 6 days after the Rule 68 offer. *Id.*

14

Like <u>Weiss</u>, in the instant action Defendants Rule 68 offers of judgment to Plaintiffs were served upon Plaintiffs' counsel on July 24, 2013, approximately three (3) months after plaintiffs filed the Complaint. *See* **Exhibits "A"** and **"J"-"N."**   Since Plaintiffs filed the Complaint, both parties have exchanged initial disclosure and appeared for an initial court conference, yet no additional plaintiffs have joined the action, other than the five Plaintiffs named in the Complaint. Nor has Plaintiffs or their counsel identified the names of any potential plaintiff(s) who may opt-into the instant action.   Prior to Defendants' service of their Rule 68 offers of judgment on July 24, 2013, plaintiffs had not filed a motion for conditional collective action certification.   Indeed, Plaintiffs filed a motion in support of circulation of notice of pendency to former and current employees of Defendants on August 13, 2013.   This is almost three (3) weeks after Defendants' Rule 68 offers of judgment to Plaintiffs had been served upon Plaintiffs' counsel and almost one (1) week after Plaintiffs' counsel rejected Defendants' Rule 68 offers of judgment to Plaintiffs. *See* **Exhibits "T"** and **"J"-"N."**

In <u>Abrams</u>, the Second Circuit specifically recognized that a justiciable case or controversy no longer exists, and that an action is subject to dismissal for lack of subject matter jurisdiction when a defendant tenders all that a class representative plaintiff could recover if his or her individual claims were fully litigated. *See* <u>Abrams v. Interco, Inc.</u>, 719 F.2d 23 (2d Cir. 1938).   Once the defendant offers to satisfy the plaintiff's entire demand, "there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Id.* at 32.

In the instant matter, dismissal of the Amended Complaint is warranted because Plaintiffs have failed to identify any FLSA collective action members, and are therefore held to pursue the

action only on behalf of themselves. Since Plaintiffs have been offered the full relief sought, Defendants' Rule 68 offers of judgment render the case moot.

Accordingly, the Court lacks subject matter jurisdiction over all claims by Plaintiffs, and Defendant' motion should be granted in its entirety, dismissing the Amended Complaint.

### POINT III

### DEFENDANTS' OFFER OF FULL RELIEF TO PLAINTIFFS DIVESTS THIS COURT OF SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' STATE CLAIMS

To the extent that dismissal of Plaintiffs' federal claims does not result in automatic dismissal of Plaintiffs' state law claims, it is respectfully submitted that this Court is precluded from exercising supplemental jurisdiction over Plaintiffs' state law claims. *See* Da Silva v. Kinsho Int'l Corp., 229 F.3d 358, 361 (2d Cir. 2000). In Da Silva, the district court did not have subject matter jurisdiction over the federal claims, therefore, it could not exercise supplemental jurisdiction over plaintiff's state law claims. Since a court must have original jurisdiction in order to exercise supplemental jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1188 (2d Cir. 1996). Levitin v. PaineWebber, Inc., 933 F. Supp. 325, 327 (S.D.N.Y. 1996).

In the instant action, Plaintiffs allege violations of the FLSA and NYLL in their Amended Complaint based on Plaintiffs' claims that Defendants owe each of them unpaid overtime wages. *See* **Exhibit "A",** ¶3. As demonstrated above, Defendants' Rule 68 offers of judgment fully satisfy all of Plaintiffs' claims, including up to three (3) years of liquidated damages and costs and reasonable attorneys' fees as determined by the Court. Accordingly, this

Court should grant the dismissal of Plaintiffs' claims as moot since this Court has no subject matter jurisdiction over the federal and, consequently, the state claims.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that this Court compel Plaintiffs to accept Defendants' Rule 68 offers of judgment to Plaintiffs as they exceed the maximum that Plaintiffs could hope to recover and grant any such other and further relief as it deems necessary and proper under the circumstances.   Upon acceptance of Defendants' Rule 68 offers of judgment by each plaintiff, Plaintiffs no longer have a personal stake or legally cognizable interest in this litigation.   Therefore, the entire case, and the Amended Complaint, must be dismissed pursuant to Rule 12(b)(1) and (b)(6) as this Court lacks subject matter jurisdiction.

Dated:  Woodbury, New York
        August 30, 2013

By:  _____
        ELIZABETH R. GORMAN (EG6316)