UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CESAR MOREIRA, MARTIN CISNEROS, FREDIS
GOMEZ, LUIS M. RAMIREZ, and ROBERTO
CONTRERAS, on behalf of themselves and
all others similarly situated,

                        Plaintiffs,

                                              MEMORANDUM & ORDER
         -against-                            13-CV-2640(JS)(AKT)

SHERWOOD LANDSCAPING INC., MAIN STREET
NURSERY, and ROBERT MCKEAN, in his
individual capacity,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Delvis Melendez, Esq.
                     90 Bradley Street
                     Brentwood, NY 11717

For Defendants:      Elizabeth R. Gorman, Esq.
                     Kerri Monyak Hoffman, Esq.
                     Milber Makris Plousadis
                      & Seiden, LLP
                     1000 Woodbury Road, Suite 402
                     Woodbury, NY 11797

SEYBERT, District Judge:

        Plaintiffs Cesar Moreira, Martin Cisneros, Fredis

Gomez, Luis M. Ramirez, and Roberto Contreras (collectively,

"Plaintiffs") commenced this action on May 1, 2013 against

defendants Sherwood Landscaping Inc., Main Street Nursery, and

Robert McKean (collectively, "Defendants"), seeking unpaid

overtime wages under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 190

et seq.  Currently pending before the Court are: (1) Defendants'

motion to dismiss the Amended Complaint for lack of subject
matter jurisdiction pursuant to Federal Rule of Civil Procedure
12(b)(1) (Docket Entry 24); and (2) Plaintiffs' motion for leave
to file a second amended complaint (Docket Entry 51).  For the
following reasons, Defendants' motion to dismiss is DENIED and
Plaintiffs' motion to amend is GRANTED.

<u>BACKGROUND</u>

Plaintiffs are a group of landscaping workers who
worked for Defendants' commercial landscaping business.
Plaintiffs originally commenced this action as a putative
collective and class action seeking unpaid overtime wages under
the FLSA and the NYLL.  On July 1, 2013, Plaintiffs filed a pre-
motion conference letter seeking permission to move for
conditional certification of their FLSA claims as a collective
action pursuant to 29 U.S.C. § 216(b).  (Docket Entry 9.)  On
July 15, 2013, at an initial conference, Magistrate Judge
Tomlinson advised Plaintiffs' counsel that the Court does not
require pre-motion conferences.  (<u>See</u> Initial Conference Minute
Order ("Minute Order"), Docket Entry 13, at 1.)  However, in an
effort to avoid extensive motion practice, Judge Tomlinson
ordered the parties to meet and confer by July 26, 2013 to
determine whether Defendants could consent to certification of
this case as a collective action.  (<u>See</u> Minute Order at 1.)
Judge Tomlinson further set a briefing schedule for Plaintiffs'

2

proposed motion (in the event that Defendants were unable to consent to certification), which required Plaintiffs to file their certification motion by August 19, 2013. (See Minute Order at 2.)

On July 24, 2013, Defendants made offers of judgment to Plaintiffs pursuant to Federal Rule of Civil Procedure 68. (See Gorman Aff., Docket Entry 24-1, Exs. J-N.) Plaintiffs did not accept the offers. On July 26, 2013, two days after serving the offers of judgment, Defendants advised Plaintiffs that they would not consent to conditional certification. (See Pls.' Opp. Br. to Mot. to Dismiss, Docket Entry 30, at 8.) Not having consent, Plaintiffs then filed their motion for conditional certification on August 13, 2013, in accordance with Judge Tomlinson's initial conference order. (Docket Entry 18.) On August 15, 2013, the undersigned referred the certification motion to Judge Tomlinson for decision. (Docket Entry 19.)

On August 30, 2013, Defendants moved to dismiss the Amended Complaint, arguing that the Court lacked subject matter jurisdiction because the Rule 68 offers of judgment had rendered the action moot. (Docket Entry 24.) Sometime thereafter, Plaintiffs identified Carlos Chavez as an opt-in plaintiff and, on September 9, 2013, Plaintiffs' counsel filed an opt-in notice on Chavez's behalf. (Docket Entry 29.) Defendants then made a Rule 68 offer of judgment to Chavez, which, as far as the Court

3

can tell, has not been accepted.  (See McKean Aff., Docket Entry 34-1, Ex. A.)  Plaintiffs thereafter identified two additional plaintiffs who filed opt-in notices on January 10, 2014 and March 31, 2014, respectively.  (Docket Entries 48 & 52.)  It is not known whether Defendants have made offers of judgment to these plaintiffs.

On March 31, 2014, Judge Tomlinson granted Plaintiffs' motion for conditional certification subject to certain limitations detailed in her order. (Docket Entry 53.)  Since that time, Plaintiffs have identified three additional opt-in plaintiffs.  (Docket Entries 54, 55, 56.)  Again, it is not known whether Defendants made offers of judgment to these plaintiffs.  On February 12, 2014, Plaintiffs also moved for leave to amend the Amended Complaint.[1]  (Docket Entry 51.)

Defendants' motion to dismiss and Plaintiffs' motions to amend and for class certification are pending before the Court.

<u>DISCUSSION</u>

The Court will first address Defendants' motion to dismiss before turning to Plaintiffs' motion to amend.

_____

[1] On June 3, 2014, Plaintiffs also filed a motion for class certification of their NYLL claims pursuant to Federal Rule of Civil Procedure 23.  (Docket Entry 59.)  This motion is also currently pending before the Court and will be addressed in a separate, future order.

4

I.   <u>Motion to Dismiss</u>

   A.   <u>Legal Standard</u>

      "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000).  In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions.  <u>See Morrison v. Nat'l Australia Bank, Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008).  The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively.  <u>See id.</u>; <u>Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.</u>, 968 F.2d 196, 198 (2d Cir. 1992); <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir.1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." <u>Makarova</u>, 201 F.3d at 113.

   B.   <u>Mootness</u>

      Article III of the United States Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" <u>Genesis Healthcare Corp. v. Symczyk</u>, 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013) (citation omitted).

"[A]n actual controversy must be extant at all stages of review." Id. (citation omitted). Thus, "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." Id. (citation omitted).

Defendants contend that Plaintiffs' claims are moot, and that the Court therefore lacks subject matter jurisdiction over this action, because Defendants served, and Plaintiffs rejected, Rule 68 offers of judgment that exceeded the maximum relief available. (See Defs.' Br. to Dismiss, Docket Entry 24-35, at 10-16.) The Court disagrees for the reasons explained below.

1.   Applicable Law

Rule 68 allows a defendant to "serve on an opposing party an offer to allow judgment on specified terms . . . ." FED. R. CIV. P. 68(a). If, within fourteen days of service, the opposing party accepts the offer, "either party may then file the offer and notice of acceptance . . . [and] [t]he clerk must then enter judgment." FED. R. CIV. P. 68(a). However, where the opposing party does not accept the offer, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68(d). The rule is intended

6

"to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985).

In the Second Circuit, a Rule 68 offer of judgment can moot a case, and thus divest the court of subject matter jurisdiction, if the offer equals or exceeds the amount of relief claimed by the plaintiff. See Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (holding that district court properly dismissed the action for lack of subject matter jurisdiction where the defendant offered "the full amount of relief sought by [the plaintiff]"); see also Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) ("[T]here is no justification for taking the time of the court and the defendant in the pursuit of . . . claims which [the] defendant has more than satisfied.").

In Genesis Healthcare Corp. v. Symczyk, the United States Supreme Court recently held that an FLSA action brought on behalf of a named plaintiff and other "similarly situated" employees is no longer "justiciable when the lone plaintiff's individual claim becomes moot." 133 S. Ct. at 1526. In Genesis, the plaintiff commenced an FLSA action on behalf of herself and other similarly situated employees. Id. at 1527. At the outset of the case, the defendant made a Rule 68 offer of judgment to the plaintiff. Id. When the plaintiff failed to accept the offer, the defendant then moved to dismiss the action

7

for lack of subject matter jurisdiction. Id. The plaintiff had not moved for conditional certification at the time, nor had she identified any opt-in plaintiffs. Id. Thus, the district court dismissed the action for lack of subject matter jurisdiction, finding that "it was undisputed that no other individuals had joined [plaintiff's] suit and that the Rule 68 offer of judgment fully satisfied her individual claim." Id. at 1528-29.

The Supreme Court held that the case was properly dismissed for lack of subject matter jurisdiction explaining that, "[i]n the absence of any claimant's opting in, [plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in the action." Id. at 1529. The Court further explained that "[t]he mere presence of collective-action allegations in [an FLSA complaint] cannot save the suit from mootness once the individual claim is satisfied." Id.

However, because the plaintiff did not properly contest the district court's and the Third Circuit's holdings that the unaccepted offer of judgment mooted her individual claim, the Supreme Court did not reach the question of when an unaccepted offer of judgment moots the named plaintiff's individual claim. Rather, noting that "the Courts of Appeals disagree whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot," the

Supreme Court stated that it would "assume, without deciding, that [the defendant's] Rule 68 offer mooted [the plaintiff's] individual claim." Id.

District courts in the Second Circuit have held that an unaccepted offer of judgment for full relief can moot an FLSA collective action. See, e.g., Ward v. Bank of N.Y., 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) ("[A]n offer of judgment moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees."); see also Darboe v. Goodwill Indus. of Greater N.Y. & N. N.J., Inc., 485 F. Supp. 2d 221, 223 (E.D.N.Y. 2007); Briggs v. Arthur T. Mott Real Estate LLC, No. 06-CV-0468, 2006 WL 3314624, at *4 (E.D.N.Y. Nov. 14, 2006). However, a Rule 68 offer of judgment does not moot a case "[w]here additional plaintiffs have opted in to the matter, and the Rule 68 offer does not include those plaintiffs," Velasquez v. Digital Page, Inc., 842 F. Supp. 2d 486, 488 (E.D.N.Y. 2012), or "where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed," Bah v. Shoe Mania, Inc., No. 08-CV-9380, 2009 WL 1357223, at *2 (S.D.N.Y. May 13, 2009) (internal quotation marks and citation omitted).

Additionally, in Cabala v. Crowley, 736 F.3d 226 (2d Cir. 2013), the Second Circuit recently questioned whether "an

unaccepted offer of settlement for the full amount of damages owed 'moots' a case such that the case should be dismissed for lack of jurisdiction if the plaintiff desires to continue the action." 736 F.3d at 228 (citing McCauley v. TransUnion, LLC, 402 F.3d 340, 342 (2d Cir. 2005)). As the Cabala court explained, although it is clear that a plaintiff is not entitled to continue an action where the defendant offers judgment for complete relief, "the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer." Id. It is "[o]nly after such a disposition is the controversy resolved such that the court lacks further jurisdiction." Id.

With this law in mind, the Court turns to Defendants' argument that their Rule 68 offers of judgment mooted this case.

2. Application

This case presents a somewhat unique procedural posture. Defendants served, and Plaintiffs rejected, Rule 68 offers of judgment before Plaintiffs filed their motion for conditional certification or identified additional plaintiffs. Since that time, Judge Tomlinson has granted Plaintiffs' motion for conditional certification and additional plaintiffs have opted in to this action. As far as the Court can tell, Defendants have not made Rule 68 offers of judgment to all of

the opt-in plaintiffs and therefore have not provided complete relief to all plaintiffs in this action. Nonetheless, because mootness is a question of subject matter jurisdiction, which must be present at all stages of the action, if the initial Rule 68 offers of judgment to the named Plaintiffs (who were the only plaintiffs in this action at the time) mooted their claims, the fact that this action has now been certified as a collective action or that other plaintiffs have joined in would not save this case from dismissal.[2]   Thus, the Court must determine whether Defendants' offers of judgment to the named Plaintiffs mooted this case, notwithstanding that this case has been conditionally certified or that additional plaintiffs have opted

---

[2] Further, Plaintiffs are incorrect in arguing that Defendants' motion to dismiss should have been denied as premature in light of their then-pending motion for collective action certification. As noted, in Genesis, the Supreme Court primarily held the "mere presence of collective-action allegations in [an FLSA complaint] cannot save the suit from mootness once the individual claim is satisfied." 133 S. Ct. at 1529. However, the Court further held that even certification of a collective class alone would not render an otherwise moot case viable. Id. at 1530. In so holding, the Court highlighted a distinction between FLSA collective actions, where "the sole consequence of conditional certification is the sending of court-approved written notices to employees, who in turn become parties . . . only by filing written consent with the court," and Rule 23 class actions, where class certification grants the putative class "an independent legal status . . . ." Id. (citations omitted). Thus, if Judge Tomlinson's order granting collective action certification would not, standing alone, render this case viable, then it follows that Defendants' motion was not premature simply because there was a pending motion for collective action certification.

in.  As discussed below, the Court finds that the offers of judgment did not moot this case.

First, as noted above, the Second Circuit has suggested that an unaccepted offer of judgment for complete relief does not divest a court of subject matter jurisdiction until the court enters judgment against the defendant.  See Cabala, 736 F.3d at 228; see also Rivero v. Cach LLC, No. 11-CV-4810, 2014 WL 991721, at *4 n.9 (E.D.N.Y. Mar. 13, 2014) ("Indeed, in Cabala the Second Circuit called into question whether any Rule 68 offer of judgment should be held to moot a case . . . .").  Here, the Court has not entered judgment against Defendants.  Thus, the unaccepted offers of judgment alone did not divest this Court of subject matter jurisdiction.  Now, additional plaintiffs have opted in to this action and it does not appear that Defendants have served them with offers of judgment.  Because not all plaintiffs have received Rule 68 offers of judgment, the case could not be moot.

Putting that aside, however, the Court also finds that the Rule 68 offers of judgment to the named Plaintiffs themselves could not divest this Court of subject matter jurisdiction because Plaintiffs have sufficiently disputed the amount owed to them.  As noted above, a Rule 68 offer of judgment will not moot an FLSA collective action "where the plaintiff potentially could recover more than the relief offered

12

by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." Bah, 2009 WL 1357223, at *2 (internal quotation marks and citation omitted). With their motion, Defendants have submitted the time records that they used to calculate the offers of judgment. Plaintiffs correctly point out that there are some inconsistencies between the hourly rates and/or the durations of employment detailed in the time records and the actual numbers Defendants used to calculate the offers of judgment. (See Pls.' Opp. Br. to Mot. to Dismiss at 13-18.) Defendants counter that even using the higher hourly rates or longer employment terms noted by Plaintiffs, the offers of judgment still exceed the maximum amount of relief available. (See Defs.' Mot. to Dismiss Reply Br., Docket Entry 34, at 3-6.) However, as Plaintiffs also correctly note, a large portion of time records are illegible and Plaintiffs dispute their accuracy. (See Pls.' Opp. Br. to Mot. to Dismiss at 18.) It is therefore not possible for the Court to determine if each offer of judgment provides more than what Plaintiffs could recover at trial. See Reyes v. Carnival Corp., No. 04-CV-21861, 2005 WL 4891058, at *3 (S.D. Fla. May 25, 2005) (holding that "a live controversy remain[ed] pending" because "there [was] no basis for [the court] to conclude that the offer of judgment [was] definitively for more than the Plaintiff could recover at trial"); Reed v. TJX Cos., No. 04-CV-

13

1247, 2004 WL 2415055, at *2 (N.D. Ill. Oct.27, 2004) (denying motion to dismiss for lack of subject matter jurisdiction because, inter alia, "the court [could not] determine that [the offer of judgment] fully compensate[d] plaintiff for his damages"); cf. Darboe, 485 F. Supp. 2d at 224 (granting motion to dismiss for lack of subject matter jurisdiction because there was "no question that the Rule 68 offer made to Plaintiff exceed[ed] any actual damages claimed"); Briggs, 2006 WL 3314624, at *3 (granting motion to dismiss for lack of subject matter jurisdiction because the plaintiff did not challenge the accuracy of the time records and the defendant's offer of judgment exceed what the plaintiff could recover at trial). Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

Having found that this Court does not lack subject matter jurisdiction, the Court will now turn to Plaintiff's motion to amend the Amended Complaint.

## II. Motion to Amend

Plaintiffs seek leave to file a second amended complaint that adds a new defendant and includes a new cause of action under the NYLL. The Court will first set forth the applicable legal standard before turning to Plaintiffs' motion.

A.   Legal Standard

Courts should grant leave to amend a pleading "when justice so requires." FED. R. CIV. P. 15(a)(2).[3]  Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.  See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

B.   Addition of Richard McKean as a New Defendant

Plaintiffs first seek leave to add as defendant in this action, Richard McKean, the president and co-owner of defendant Sherwood Landscaping.  (See Proposed Second Amended Complaint ("PSAC"), Docket Entry 51-8.)  Defendants argue that the Court should deny leave to amend because the addition of Richard McKean would be prejudicial.  (See Defs.' Opp. Br. to

---

[3] The addition of a new party also invokes Federal Rule of Civil Procedure 21, which states, in relevant part:  "On motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21.  However, the presence of Rule 21 is "of no practical consequence, since it is generally held that the standards governing motions to amend under Rule 15 apply with equal force to motions to add parties under Rule 21." Trustees of I.B.E.W. Local Union No. 488 Pension Fund, Health Ins. Fund, Annuity Fund, Educ. Fund v. Norland Elec., Inc., No. 11-CV-0709, 2013 WL 785333, at *1 (D. Conn. Mar. 1, 2013) (internal quotation marks and citations omitted).

Mot. to Amend, Docket Entry 50, at 4.)   However, Defendants never actually explain how the proposed addition is prejudicial, and a review of their memorandum of law indicates that they really are arguing that the proposed addition would be futile. (See, e.g., Defs.' Opp. Br. to Mot. to Amend at 4 ("[P]laintiffs have not shown good reason for adding Richard McKean as a new defendant with regard to plaintiffs' claims for unpaid overtime wages."); Defs.' Opp. Br. to Mot. to Amend at 5 ("It is simply unnecessary for plaintiffs to add new defendants.")).   As discussed below, the proposed addition of Richard McKean is not futile.

    Defendants appear to argue that the Court should not allow the addition of Richard McKean because Defendants have made Rule 68 offers of judgment for complete relief.   (See Defs.' Opp. Br. to Mot. to Amend at 5.)   This argument obviously fails for the same reasons previously explained in addressing Defendants' motion to dismiss.   However, Defendants also oppose the addition of Richard McKean because, according to Defendants, Robert McKean-- the vice-president of Sherwood Landscaping and also a defendant herein, and not Richard McKean--was the person responsible for processing payroll records and determining compensation of all employees.   (See Defs.' Opp. Br. to Mot. to Amend at 4.)   Thus, Defendants contend that Plaintiffs "have not shown good reason for adding Richard McKean as a new defendant."

(Defs.' Opp. Br. to Mot. to Amend at 4.)   This argument is meritless because Robert McKean and Richard McKean could be held jointly and severally liable for violations of the FLSA.

"To be held liable under the FLSA, a person must be an 'employer,' which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'" Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d)).   The FLSA does not further define "employer."   The law of the Second Circuit holds that there must be more than just "[e]vidence that [the] individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function . . . ." Irizarry v. Catsimatidis, 722 F.3d 99, 109 (2d Cir. 2013).   Rather, the individual defendant "must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." Id. (quoting Herman, 172 F.3d at 140).   In other words, "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Id. at 104 (citation and internal quotation marks omitted).   Thus, in answering this question, the Second Circuit employs the "economic reality" test, which analyzes "the totality of the circumstances and consider[s] whether the alleged employer '(1)

17

had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 134 (S.D.N.Y. 2014) (citing Irizarry, 722 F.3d at 105)).[4]

Here, the Proposed Second Amended Complaint alleges that Plaintiffs were employed by all Defendants, including Richard McKean. (PSAC ¶ 36.) The Proposed Second Amended Complaint further asserts that Richard McKean operates and is the president, co-owner, and a shareholder of Sherwood Landscaping. (PSAC ¶¶ 29-31.) Plaintiffs allege that Richard McKean "has the authority to make payroll and personnel decisions" and that Defendants, including Richard McKean, failed to pay Plaintiffs overtime. (PSAC ¶¶ 32, 42.) Thus, Plaintiffs' proposed allegations are sufficient to allege that Richard McKean is an employer under the FLSA and the proposed addition is therefore not futile. See Shim v. Millennium Grp.,

---

[4] The NYLL defines "employer" as "any person . . . employing any individual in any occupation, industry, trade, business or service." N.Y. LAB. LAW § 190(3). "District courts in this Circuit have interpreted the definition of employer under the New York Labor Law coextensively with the definition used by the FLSA." Sethi v. Narod, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (citations and internal quotation marks omitted). Accordingly, the Court will conduct a singular analysis of Plaintiffs' proposed addition under the FLSA and the NYLL using the FLSA standard. See Schear, 297 F.R.D. at 134.

LLC, No. 08-CV-4022, 2010 WL 409949, at *2 (E.D.N.Y. Jan. 27, 2010) (finding both individual defendants and corporation liable under the FLSA where complaint contained allegations of actions taken collectively by the defendants).

Defendants appear to contest the merits of the claims against Richard McKean, arguing that Robert McKean was the only individual responsible for payroll. However, "unless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." Goldberg v. Roth, No. 99-CV-11591, 2001 WL 1622201, at *6 (S.D.N.Y. Dec. 17, 2001) (internal quotation marks and citation omitted). Here, Defendants admitted in their responses to Plaintiffs' interrogatories that Robert McKean and Richard McKean were persons responsible for "determining the compensation of all employees . . . including . . . decisions concerning employees' regularly hourly rates of pay and whether employees are entitled to overtime compensation for work performed in a given work week." (See Ex. D to Pls.' Mot. to Amend Br., Docket Entry 51-6, at 5.) They can both be held liable for alleged FLSA violations and the proposed amendment is therefore not frivolous.

Moreover, Defendants do not argue that the proposed addition of Richard McKean is the product of undue delay or bad

faith, and they have not adequately explained how such addition
would be prejudicial.  Accordingly, Plaintiffs are GRANTED leave
to add Richard McKean as a defendant in this action.

      C.   <u>New York Labor Law § 193</u>

      Plaintiffs also seek leave to add a cause of action
for alleged improper payroll deductions in violation of NYLL
§ 193.  (<u>See</u> PSAC ¶¶ 88-95.)  Specifically, Plaintiffs allege
that discovery has produced payroll records demonstrating that
Defendants deducted fifteen dollars from Plaintiffs' weekly
wages for laundering and providing work uniforms.  (<u>See</u> Pls.'
Mot. to Amend Br., Docket Entry 51-2, at 9.)

      Defendants first argue that Plaintiffs' claim is
futile because they have failed to allege sufficient facts to
state a claim.  (Defs.' Opp. Br. to Mot. to Amend at 5-7.)  The
Court disagrees.

      Section 193 of the NYLL prohibits an employer from
making "any deduction from the wages of an employee" unless the
deduction is permitted by "law or any rule or regulation issued
by any governmental agency" or is "expressly authorized in
writing by the employee" for the employee's benefit.  N.Y. LAB.
LAW § 193(1)(a)-(b).  Prior to January 1, 2011, the New York
labor regulations prohibited employers from "requir[ing]
employees to pay for the cost of cleaning and maintaining their
own uniforms if those costs would reduce pay below the full

statutory minimum wage." <u>Garcia v. La Revise Assocs. LLC</u>, 08-CV-9356, 2011 WL 135009, at *6 (S.D.N.Y. Jan. 13, 2011) (citing N.Y. Comp. Codes R. & Regs. tit. 12 ("N.Y.C.R.R.") § 137-1.8 ("No allowance for the supply, maintenance, or laundering of required uniforms shall be permitted as part of the minimum wage.")). Since January 1, 2011, the regulations require that employers pay for their employees' required uniforms "regardless of a given employee's rate of pay." 12 N.Y.C.R.R. §§ 146-1.7, 146-1.8; <u>see also</u> <u>Flores v. Anjost Corp.</u>, 284 F.R.D. 112, 119 (S.D.N.Y. 2012).

Here, the Proposed Second Amended Complaint alleges that Defendants required Plaintiffs to wear color-coordinated uniforms and that they deducted fifteen dollars per week from Plaintiffs' wages "for the cost of producing and/or laundering [the] uniforms" without Plaintiffs' written authorization. (PSAC ¶¶ 91-93.) These allegations state a claim for improper payroll reductions under the NYLL and they therefore are not futile.

Nonetheless, Defendants also argue that Plaintiffs' proposed amendments are the product of undue delay. However, "'[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" <u>Dish Network L.L.C. v. World Cable Inc.</u>, 893 F. Supp. 2d 452, 460 (E.D.N.Y. 2012) (quoting <u>State Teachers</u>

Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

Defendants offer no evidence of bad faith and do not explain how they are prejudiced by the proposed amendments. Accordingly, Plaintiffs' motion to add a new cause of action for improper payroll deductions under the NYYL is GRANTED.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Docket Entry 24) is DENIED and Plaintiffs' motion for leave to amend the Amended Complaint (Docket Entry 51) is GRANTED.

The Clerk of the Court is directed to docket the Proposed Second Amended Complaint (Docket Entry 51-8) as the operative complaint. However, the Second Amended Complaint remains operative only to the extent that it is consistent with the Court's rulings herein.


                                        SO ORDERED.


                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.


Dated:      September   16  , 2014
            Central Islip, New York